UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SOLORIO VERONICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:20-cv-00419-JRS-MJD |
| | ) | |
| PENNY ELMORE, C.M.A, and | ) | |
| DR. WILLIAM WILSON, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WILSON'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, Dr. William Wilson, M.D., in his individual capacity, by and through his

attorneys, John E. Childress, Acting United States Attorney for the Southern District of Indiana,

and Gina M. Shields, Assistant United States Attorney, answers Plaintiff Solorio Veronica's

("Veronica") Complaint as follows:

A.    PARTIES[1]

1.    Dr. Wilson admits that Solorio Veronica is the plaintiff in this matter and that he

is confined at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"),

located at 4700 Bureau Road South, Terre Haute, IN 47802.

2.    As paragraph 2 is not directed toward Dr. Wilson, no response from him is

required.

2.[2]    Dr. Wilson admits that he has been named as a defendant in this matter and that

---

[1] For ease of reference, Dr. Wilson has set forth Veronica's topic headings *verbatim*. In doing
so, Dr. Wilson does not admit any of the allegations in the content of the headings.
[2] In this paragraph and the following one, Dr. Wilson is merely mirroring the repetitive
numbering that Veronica assigns to these paragraphs.

he is employed by the Federal Bureau of Prisons ("BOP") as the Clinical Director for the Federal Correctional Complex in Terre Haute, Indiana.

2. Pursuant to the Court's December 10, 2020, Order [Filing No. 9 at 2-3], Warden T.J. Watson is no longer a defendant in this action. Accordingly, no response to this paragraph is required.

B. STATEMENT OF CLAIM

The allegations in the first paragraph of this section are not directed toward Dr. Wilson. Accordingly, no response to these allegations is required. To the extent a further response is required, Dr. Wilson admits that, according to BOP records, Veronica was sent to the local emergency room on September 30, 2019, where he stayed until October 16, 2019. Dr. Wilson is without sufficient knowledge or information to admit or deny the remaining allegations in this paragraph and, therefore, denies them.

Dr. Wilson denies the allegations against him in the second paragraph of this section. Dr. Wilson further denies that he directed that Veronica be returned to USP Terre Haute. Dr. Wilson affirmatively states that, while an inmate is admitted to an outside hospital, he is under the primary medical supervision of the hospital doctors, who determine if and when to discharge the inmate; Dr. Wilson is not the discharging physician. Dr. Wilson denies that he was deliberately indifferent in any way or that he placed Veronica at risk of harm or death in any way.

The allegations in the third paragraph of this section are directed toward Warden Watson, who has been dismissed as a defendant. [*See* Filing No. 9 at 2-3.] Accordingly, no response to these allegations is required.

C. JURISDICTION

The statements of purported jurisdiction in section C are legal conclusions—rather than

factual assertions—to which no response is required.

D.      RELIEF WANTED

Dr. Wilson denies that Veronica is entitled to the relief requested in this section or any

relief whatsoever.

E.      JURY DEMAND

This section is a jury demand to which no response is required.

## GENERAL RESERVATION

Dr. Wilson denies all allegations in Veronica's Complaint not otherwise expressly

admitted or denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

In response to Veronica's Complaint, Dr. Wilson asserts the following affirmative

defenses:

1.      Veronica failed to exhaust his administrative remedies with respect to the issues

alleged in his Complaint. [3]  Specifically, although Veronica filed remedies with the BOP

concerning Defendant Elmore's purported actions, the remedies he filed did not encompass his

allegations against Dr. Wilson or allow the BOP an opportunity to investigate those actions

before litigation, thwarting the very purpose of the exhaustion requirement.  *See, e.g.*, *Cannon v.*

*Washington*, 418 F.3d 714, 719 (7th Cir. 2005); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th

Cir. 2002).

2.      Dr. Wilson is immune from monetary damages pursuant to the doctrine of

qualified immunity.

---

[3] Accordingly, Dr. Wilson has contemporaneously filed a Motion for Summary Judgment on
Failure to Exhaust Defense.  [*See* Filing Nos. 17-19.]

3.      Veronica has failed to state a claim against Dr. Wilson for all matters Veronica complains about in which Dr. Wilson did not have direct personal involvement.

4.      The Complaint fails to state a claim upon which relief may be granted.

5.      At all times, Dr. Wilson acted reasonably, without malice, and in good faith.

6.      Dr. Wilson did not act with deliberate indifference towards Veronica with respect to the matters about which Veronica complains.

7.      Veronica's own conduct contributed to any harm he may have experienced, if found.

8.      Veronica failed to mitigate any alleged damages, if found.

9.      Dr. Wilson reserves the right to assert such other affirmative or additional defenses as may become known during the course of this litigation.

## JURY TRIAL DEMAND

Dr. Wilson demands a jury trial.


WHEREFORE, having fully answered Plaintiff's Complaint, Defendant, Dr. William Wilson, M.D., in his individual capacity, by counsel, respectfully requests that Plaintiff Solorio Veronica's Complaint be dismissed with prejudice, that judgment be entered in his favor, that Dr. Wilson be awarded costs and fees incurred herein, and that Dr. Wilson be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,

JOHN E. CHILDRESS
Acting United States Attorney

By:    *s/ Gina M. Shields*
Gina M. Shields
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2021, a copy of the foregoing *Defendant Wilson's Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial* was filed electronically. Service of this filing will be made on the following ECF-registered counsel by operation of the Court's electronic filing system:

None.

I further certify that on March 15, 2021, a copy of the foregoing *Defendant Wilson's Answer and Affirmative Defenses to Plaintiff's Complaint and Demand for Jury Trial* was mailed, by first class U.S. Mail, postage prepaid and properly addressed to the following:

Solorio Veronica
Reg. No. 16016-112
USP Terre Haute
U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

*s/ Gina M. Shields*
Gina M. Shields
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204