UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SOLORIO VERONICA, | ) |
|       Plaintiff, | ) |
|       v. | ) Cause No. 2:20-cv-00419-JRS-MJD |
| PENNY ELMORE, *et al.* | ) |
|       Defendants. | ) |

## DECLARATION OF RENEE TURNER

I, Renee Turner, hereby declare and state the following:

1. I am an Administrative Remedy Clerk and Associate Warden's Secretary at the Federal Correctional Complex in Terre Haute, Indiana ("FCC Terre Haute"). I began employment with the Federal Bureau of Prisons ("BOP") in December of 2009 and am familiar with the Agency's policies and procedures regarding the administrative remedy program.

2. Pursuant to my official duties, I have access to records maintained by the BOP in the ordinary course of business, including records showing where inmates in the BOP are housed and records pertaining to Administrative Remedy requests filed by inmates. All records attached to this declaration are true and correct copies of records kept in the regular course of business of the BOP. I am one of the custodians of those records. The following statements are based on my review of those records, my own personal knowledge, and other information I have acquired through the performance of my official duties.

3. Pursuant to my official duties, I am familiar with the BOP's administrative remedy system. It is codified at 28 C.F.R. section 542.10 *et seq.* and BOP Program Statement 1330.18, Administrative Remedy Program (Jan. 6, 2014), available at http://www.bop.gov/policy/progstat/ 1330.018.pdf. Most BOP facilities, including FCC Terre Haute, have promulgated an Institution

Supplement with additional guidance.

4. When an inmate arrives at FCC Terre Haute, the inmate receives an orientation that includes an explanation of the BOP's administrative remedy process and instruction on how to use the institution's law library to access BOP Program Statements and FCC Terre Haute Institution Supplements. Inmates who have questions or concerns about these documents (or anything else) can raise them with staff in person, submit a written "Inmate Request to Staff," or submit an electronic request.

5. When an inmate submits an administrative remedy request, institution staff members log it into the BOP's electronic record system, the SENTRY database. Each entry is assigned a remedy identification number and includes the inmate's Federal Register Number and a short description of the inmate's request, often written using abbreviations to save space. The SENTRY database allows staff to access all of an inmate's administrative remedies in a single document, called an "Administrative Remedy Generalized Retrieval."

6. Administrative remedy requests are further identified in the SENTRY database according to the level at which they are submitted. A request submitted at the institution level is called a BP-9 and identified by the notation "F1" following the remedy identification number. A request submitted at the regional level is called a BP-10 and identified by the notation "R1" following the remedy identification number. A request submitted to the Central Office is called a BP-11 and are identified by the notation "A1" following the remedy identification number. If an inmate submits amended or successive versions of the same request at the same level, the numeral following the alphabetical letter changes accordingly. For example, a second submission of the same request at the institution level would be identified by the notation "F2" following the remedy identification number. Rejected submissions are not considered "filed" and copies are

not required to be maintained by the agency unless the submission was deemed "sensitive."

7. The Plaintiff, Solorio Veronica, Federal Register Number 16016-112, is a federal inmate currently housed at the United States Penitentiary located in Terre Haute, IN ("USP Terre Haute"). He has been housed at USP Terre Haute since March 9, 2009, and has been in BOP custody since February 25, 2000. Attachment 1, *SENTRY Inmate History Quarters*. Mr. Veronica is serving a life sentence imposed by the Central District of California for Conspiracy with the Intent to Distribute Heroin. Attachment 2, *SENTRY Public Information Inmate Data*, at 2-3.

8. It is my understanding that, in this action, Mr. Veronica is alleging he was denied medical treatment by contractor Penny Elmore on September 27, 2019, in the USP Terre Haute medical department. He further alleges that, after he was sent to an outside hospital three days later, where he stayed for several days, Dr. Wilson prematurely ordered his return to the institution, thereby endangering his health  *See* Dkt. No. 9, Screening Order.

9. On March 9, 2021, the SENTRY database was directed to create a summary of administrative remedy requests submitted under Mr. Veronica's Federal Register Number, 16016-112. *See* Attachment 3, *SENTRY Administrative Remedy Generalized Retrieval.*

10. From the date of the alleged denial of medical treatment by Defendant Elmore, through the of the filing of the Complaint in this lawsuit (9-27-19 through 8-14-20), Mr. Veronica submitted four requests for administrative remedy. *See* Attachment 3 at 3-5. All four remedy submissions pertained to Remedy Case Number 999152. *See id.*

11. Remedy No. 999152-F1 was received on December 3, 2019, alleging denied medical care. *See* Attachment 3 at 3; Attachment 4, *Remedy Packet for Remedy Case Number 999152*, at 8. This remedy was rejected as untimely. *See* Attachment 3 at 3; Attachment 4 at 8. Mr. Veronica submitted Remedy No. 999152-F2 with identical allegations on December 16. 2019.

*See* Attachment 3 at 4; Attachment 4 at 6. This remedy submission attached the BP-8, and a memorandum from Mr. Veronica's Correctional Counselor stating that Mr. Veronica was in the outside hospital from September 30, 2019, through October 16, 2019, and was back and forth from the institution to the hospital again from November 5, 2019, through November 14, 2019. *See* Attachment 4 at 6-10. The memo went on to state that Plaintiff came to see the Counselor on November 19, 2019, to initiate the remedy process by requesting a BP-8. *Id.* at 9. Thus, the potential tardy remedy submission was accepted and not rejected in accordance with Program Statement 1330.18. As such, Remedy No. 999152-F2 was accepted, processed, and ultimately denied by the Warden on January 27, 2020. *See* Attachment 3 at 4; Attachment 4 at 5.

12. Remedy No. 999152-R1 was received on February 10, 2020, appealing the Warden's denial of the BP-9. *See* Attachment 3 at 4; Attachment 4 at 4. This submission was denied by the Regional Director on March 9, 2020. *See* Attachment 3 at 4; Attachment 4 at 3.

13. Remedy No. 999152-A1 was received on April 13, 2020, appealing the Regional Director's denial of the BP-10. *See* Attachment 3 at 5; Attachment 4 at 2. This submission was denied by the Administrator of National Inmate Appeals on May 27, 2020. *See* Attachment 3 at 5; Attachment 4 at 1.

14. Although Mr. Veronica later submitted three other administrative remedies, they are all related to his request for compassionate release. *See* Attachment 3 at 5-6.

**I declare under penalty of perjury, pursuant to 28 U.S.C. section 1746, that the foregoing is true and correct.**

Executed this 10th day of March, 2021.

*Renee Turner*
Renee Turner
FCC Terre Haute