UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SOLORIO VERONICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00419-JRS-MJD |
| ) | |
| PENNY ELMORE, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT WILSON
EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Solorio Veronica brings this *Bivens* action against defendants William Wilson and Penny Elmore claiming they were deliberately indifferent to his serious medical need. Dr. Wilson has filed a motion for summary judgment on the exhaustion defense. For the reasons explained below, the motion for summary judgment is **GRANTED**, and the claim against Dr. Wilson is **DISMISSED WITHOUT PREJUDICE**.

**I.
SUMMARY JUDGMENT STANDARD**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly

support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II.
## BACKGROUND

### A. Mr. Veronica's Allegations and Legal Claims

The complaint makes the following allegations. Mr. Veronica was experiencing abdominal pain, nausea, and dizziness. Dkt. 1, p. 2. He felt so debilitated that he found it difficult to get out of bed. *Id.* When he tried to obtain treatment from the medical unit, Ms. Elmore ordered him to return to his housing unit and threatened disciplinary action if he refused. *Id.* at 2, 4. He was eventually seen by medical staff and transported to a local hospital. *Id.* at 4. Dr. Wilson later ordered Mr. Veronica to return from the hospital prematurely, thereby endangering his health. *Id.*

Mr. Veronica is proceeding on Eighth Amendment deliberate indifference claims against Ms. Elmore and Dr. Wilson based on these allegations. Dkt. 9, p. 3.

### B. Administrative Remedy Program

The Bureau of Prisons ("BOP") maintains an administrative remedy program, which is codified at 28 C.F.R. §§ 542.10-19. To exhaust administrative remedies, an inmate must first attempt informal resolution. 28 C.F.R. § 542.13. Then submit an Initial Filing to the facility. 28 C.F.R. § 542.14. And finally submit Appeals to the regional director and central office. 28 C.F.R. § 542.15.

The Initial Filing must describe "a single complaint or a reasonable number of closely related issues." 28 C.F.R. § 542.14(c)(2). If an Initial Filing includes unrelated issues, it will be "rejected and returned without response," and the inmate will be "advised to use a separate form for each unrelated issue." *Id.* Inmates may only raise issues in their Appeals that they previously raised in their Initial Filing. 28 C.F.R. § 542.15(b)(2).

Inmates at Mr. Veronica's facility learn about the administrative remedy program during orientation. Dkt. 17-1, para. 4. They also learn how to access documents about the program in the law library. *Id.* Inmates may raise questions or concerns about the program with staff members in person or electronically. *Id.*

### C. Mr. Veronica's Initial Filings and Administrative Appeals

Mr. Veronica submitted an Initial Filing stating that Ms. Elmore denied him access to medical care. Dkt. 17-5, p. 6.[1] The filing did not state that he returned from the hospital prematurely and did not mention Dr. Wilson. *Id.* After this filing was denied, Mr. Veronica

---

[1] Mr. Veronica's first Initial Filing was rejected as untimely. Dkt. 17-1, para. 11. He then submitted a second Initial Filing that explained the delay. *Id.* Prison officials accepted the second filing as timely and denied it on the merits. *Id.*

3

submitted Appeals to the regional director and the central office. *Id.* at 2, 4. These Appeals were also denied. *Id.* at 1, 3. Like his Initial Filing, Mr. Veronica's Appeals did not state that he returned to the hospital prematurely and did not mention Dr. Wilson. *Id.* at 2, 4.

Mr. Veronica did not submit any other Initial Filings related to medical care before filing the complaint. Dkt. 17-1, paras. 10-14; *see generally* dkts. 17-4, 17-5. There is no evidence that he used the administrative remedy program to complain about Dr. Wilson or about returning from the hospital prematurely.

## III.
## DISCUSSION

### A. Exhaustion Standard

The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which provides, "No action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). A federal prisoner's failure to exhaust administrative remedies makes a *Bivens* suit premature. *Robinson v. Sherrod*, 631 F.3d 839, 843 (7th Cir. 2011). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). "A centerpiece of the PLRA's effort to reduce the quantity . . . of prisoner suits is an invigorated exhaustion provision." *Id.* at 84.

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90.

Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the defendants bear the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before filing this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006). Inmates do not need to name specific parties in their administrative grievances, but the grievance must inform prison officials about the issue and give them a chance to take corrective action. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007).

"If administrative remedies are not 'available' to an inmate, then an inmate cannot be required to exhaust." *Kaba*, 458 F.3d at 684; *see also King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) ("Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about."). Administrative remedies are primarily "unavailable" to prisoners where "affirmative misconduct" prevents prisoners from pursuing administrative remedies. *Dole*, 438 F.3d at 809 (remedies unavailable where prison officials "do not respond to a properly filed grievance"); *see also Thomas v. Reese*, 787 F.3d 845, 847–48 (7th Cir.2015) (remedies unavailable where correctional officer tells prisoner that prisoner cannot file grievance when in fact prisoner can do so); *Kaba*, 458 F.3d at 680, 686 (remedies unavailable where prisoner presents evidence that prison personnel have "denied [prisoner] grievance forms, threatened him, and solicited other inmates to attack him in retaliation for filing grievances"); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir.2004) (remedies unavailable where prison personnel prevent prisoner access to grievance forms). However, "unavailability" extends beyond "affirmative misconduct" to include omissions by prison personnel, particularly failing to inform the prisoner of the grievance process. *See King*, 781 F.3d at 895–96.

## B. Mr. Veronica did not Exhaust Available Administrative Remedies

Mr. Veronica argues that he had to choose between raising his issues about Ms. Elmore or raising his issues about Dr. Wilson. He states that prison officials will not allow an inmate to submit multiple Initial Filings against a single department at the same time. Because he chose to raise his issues about Ms. Elmore, he argues, the administrative remedy program was not "available" for his issues about Dr. Wilson.

The regulations governing the administrative remedy program did not limit Mr. Veronica to raising issues about either Ms. Elmore or Dr. Wilson. To the contrary, inmates may submit a single Initial Filing that raises "a reasonable number of closely related issues." 28 C.F.R. § 542.14(c)(2). If an inmate tries to raise unrelated issues in an Initial Filing, prison officials will reject it and instruct the inmate to submit each unrelated issue in a separate Initial Filing. *Id.* Under these regulations, Mr. Veronica may have been able to raise issues related to Ms. Elmore and issues related to Dr. Wilson in a single Initial Filing. Alternatively, he could have raised each issue in a separate Initial Filing. Instead, Mr. Veronica made no effort to bring the issue of his premature return from the hospital to prison officials before filing this lawsuit.

Mr. Veronica's argument that, as a practical matter, prison officials will not allow an inmate to submit multiple Initial Filings against a single department, dkt. 21, pp. 1-2, is not supported by admissible evidence. The only place in the record where Mr. Veronica makes this allegation is in his response brief, which is not verified. *See* Fed. R. Civ. P. 56(c) (parties may only rely on admissible evidence on a motion for summary judgment); *Beal v. Beller*, 847 F.3d 897, 902 (7th Cir. 2017) (observing that a *pro se* litigant's unverified filings are not admissible for purposes of summary judgment). Accordingly, there is not a genuine dispute of material fact on this issue, and the motion for summary judgment is **GRANTED**.

## IV.
## CONCLUSION

The motion for summary judgment, dkt. [17], is **GRANTED**, and the claim against Dr. Wilson is **DISMISSED WITHOUT PREJUDICE**.

The **clerk is directed** to terminate William Wilson as a defendant on the docket.

**IT IS SO ORDERED**.

Date: 6/21/2021

*[signature]*

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SOLORIO VERONICA
16016-112
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Alex Maurice Beeman
REMINGER CO. LPA (Indianapolis)
abeeman@reminger.com

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov