UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SOLORIO VERONICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00419-JRS-MJD |
| | ) | |
| PENNY ELMORE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Solorio Veronica is a federal prisoner at USP Terre Haute. He brings this *Bivens* action against Penny Elmore, alleging that she was deliberately indifferent to his serious medical need in violation of the Eighth Amendment. Ms. Elmore has filed a motion for summary judgment, arguing that she is not a federal employee and therefore may not be sued for the alleged constitutional violation under the theory in *Bivens*. Mr. Veronica concedes that Ms. Elmore works for a private contractor but argues that she should be held liable because her duties and security access are akin to those of a federal employee. For the reasons explained below, the motion for summary judgment is **GRANTED** and the claim against Ms. Elmore is **DISMISSED with prejudice**.

**I. Summary Judgment Standard**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations

must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Indiana University*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II. Factual Background

Mr. Veronica makes the following allegations in his complaint. He experienced abdominal pain, nausea, and dizziness. He tried to go to the medical unit, but Ms. Elmore ordered him to return to his housing unit. Although he was eventually taken to a local hospital, Ms. Elmore's conduct delayed his access to medical care and prolonged his suffering. *See generally* dkts. 1, 9.

Ms. Elmore was an employee of Global Empire, LLC ("Global Empire") during the time relevant to the complaint. Dkt. 34-1, para. 4; dkt. 34-2, para. 4. Global Empire is a private, non-governmental corporation that provides health care staffing to the United States Government. Dkt. 34-1, para. 5; dkt. 34-2, para. 3. Ms. Elmore has never been employed by the United States or the Federal Bureau of Prisons. Dkt. 34-1, 6, 7.

Mr. Veronica concedes that "Penny Elmore is employed by Global Empire LLC," which he says is because "the Federal Bureau of Prisons Policies have an 'age limit' in which they hire 'actual' staff." Dkt. 37, p. 3. Even though Ms. Elmore is employed by Global Empire, he argues, she "still works in [the] capacity [of a federal official]" because she "carr[ies] a radio to security, door keys that access the prison, makes cell searches, cell inspections, inmate searches, inmate counts, role calls, and when there is an 'emergency' known to inmates and staff as deuces going off, [she] comes running to assist." *Id.* She also performs "office" work, such as filing, typing, and phone calls, and medical assistant work, such as checking vital signs, recording patient weights, and performing pre-screening activities. *Id.* Finally, Ms. Elmore professes to be a religious person and commits herself to prisoner rehabilitation. *Id.* at 4.[1]

### III. Discussion

Congress has provided a private right of action against officials who violate the Constitution while acting under color of *state* law. *See* 42 U.S.C. § 1983. Congress has not provided an analogous private right of action against officials who violate the Constitution while acting under color of *federal* law. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017).

---

[1] Mr. Veronica's response brief contains quotes that he says come from position descriptions, program statements, and human resources policies. *See* dkt. 37, pp. 2-4. Ms. Elmore has objected to these statements as inadmissible hearsay, dkt. 40, para. 5., and the Court agrees. Accordingly, the Court does not consider these inadmissible hearsay statements in ruling on the motion. *See* Fed. R. Evid. 401, 402. Ms. Elmore's other objections pertaining to her observable job functions, *e.g.*, that she carries keys and a radio and performs cell searches, are overruled.

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, the Supreme Court held that there is an implied private right of action against federal agents who violate the Fourth Amendment. 403 U.S. 228, 249 (1979). In *Carlson v. Green*, the Court recognized a private right of action in the correctional setting against federal employees who violate a prisoner's Eighth Amendment right to health care. 446 U.S. 14, 24 (1980). But in *Correction Services Corp. v. Malesko*, the Court held that prisoners may not bring *Bivens* claims against a private prison operator. 534 U.S. 61, 74 (2001). And in *Minneci v. Pollard*, the Court held that prisoners may not bring *Bivens* claims against non-governmental prison employees. 565 U.S. 118, 125 (2012).

During the time relevant to this lawsuit, Ms. Elmore was employed by a private company. She has never worked for the United States or the Federal Bureau of Prisons. Thus, she may not be sued under *Bivens*. The fact that her job duties were akin to those of a prison official employed by the United States is immaterial. The same could be said for the private prison employees in *Minneci*, whom the Supreme Court held could not be sued under *Bivens*. This Court has no authority to overrule existing Supreme Court precedent. Accordingly, Ms. Elmore's motion for summary judgment is **GRANTED**.

### IV. Conclusion

The motion for summary judgment, dkt. [34], is **GRANTED**, and the claim against Ms. Elmore is **DISMISSED with prejudice**. Final Judgment in accordance with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 9/2/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SOLORIO VERONICA
16016-112
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Alex Maurice Beeman
REMINGER CO. LPA (Indianapolis)
abeeman@reminger.com

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov