UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SOLORIO VERONICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00419-JRS-MJD ) |
| PENNY ELMORE, | ) ) |
| Defendant. | ) ) |

**ORDER ON PLAINTIFF'S POST-JUDGMENT MOTIONS**

Solorio Veronica is a federal prisoner at USP Terre Haute. His Eighth Amendment medical claims against a federal employee and a federal contractor have been dismissed. Mr. Veronica has filed six post-judgment motions. For the reasons explained below, the motion for copies is **GRANTED,** and all other motions are **DENIED**.

**I. BACKGROUND**

Mr. Veronica brought Eighth Amendment claims against defendants Dr. William Wilson and Penny Elmore, alleging deliberate indifference to a serious medical need under the theory set forth in *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The claim against Dr. Wilson was dismissed without prejudice for failure to exhaust available administrative remedies. Dkt. 39. The claim against Ms. Elmore was dismissed because she was not a federal employee and therefore not amenable to suit under *Bivens*. Dkt. 49. Final judgment was entered for the defendants on September 2, 2021. Dkt. 50.

Since that time, Mr. Veronica has filed six post-judgment motions. These include a motion to reconsider the order denying his motion for counsel, a motion for copies, a motion to sue as a next friend agent, a motion for an extension of time to file a motion under Rule 59(e), a motion for

relief from judgment under Rule 60(b), and a motion for leave to amend the complaint. The Court will address each of these motions in the next section of this Order.

## II. DISCUSSION

### A. Motion to Reconsider Motion for Assistance Recruiting Counsel

The Court analyzed Mr. Veronica's counsel motion under the two-prong inquiry set forth by the Seventh Circuit: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Id.* at 1-2 (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (en banc)).

Even though Mr. Veronica made a reasonable effort to obtain counsel before seeking the Court's assistance, the Court denied the motion because Mr. Veronica was competent to represent himself at summary judgment. Dkt. 48, pp. 2-3. The Court acknowledged that Mr. Veronica is not a native English speaker and that he had been receiving assistance from an inmate who was transferred to another facility. *Id.* The Court also found that Mr. Veronica's filings were cogent and demonstrated an understanding of the proceedings. *Id.* Given that the sole issue on summary judgment was Ms. Elmore's employment status, a relatively uncomplicated issue, the Court denied Mr. Veronica's motion for assistance recruiting counsel. *Id.* at 3.

In Mr. Veronica's motion to reconsider, he reiterates that he contacted multiple attorneys with requests for representation, that he is not a native English speaker, and that the inmate who had previously helped him has been transferred. Dkt. 51, p. 2. He further states that he believes the complaint should be amended to substitute his Eighth Amendment *Bivens* claims for negligence claims under the Federal Tort Claims Act. *Id.*

2

Rule 54(b) of the Federal Rules of Civil Procedure permits revision of non-final orders. *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). "[M]otions to reconsider an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e)." *Woods v. Resnick,* 725 F.Supp.2d 809, 827 (W.D. Wis. 2010). The Seventh Circuit has summarized the role of motions to reconsider as follows:

> A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (citations omitted). In other words, "Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). They "serve a limited function: to correct manifest errors of law or fact or to present *newly* discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (emphasis added). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1269–70.

Mr. Veronica has not met the high burden for prevailing on a motion to reconsider. Rather than demonstrating a manifest error of law or fact, Mr. Veronica simply rehashes previously considered arguments and adds an argument that should have been raised in the first instance. Accordingly, his motion to reconsider is **DENIED**.

### B. Motion for Copies

Mr. Veronica filed a motion requesting copies of the public docket sheet, the complaint, and any other filings prior to the order screening the complaint. This motion is **GRANTED**.

### C. Motion to Sue as Next Friend Agent

One of Mr. Veronica's fellow inmates, Nathan Railey, has filed a motion to act as a next friend agent under Federal Rule of Civil Procedure 17(c)(2). Mr. Railey says that Mr. Veronica needs him to act as a next friend agent to ensure consistency of this litigation in the event that he is transferred to another facility and is unable to keep himself updated on Mr. Veronica's case. *See* dkt. 53, p. 2.

Rule 17(c)(2) allows minor or incompetent litigants to "sue by a next friend or by a guardian ad litem." However, where a party sues by a next friend, that next friend generally must be represented by counsel. *Elustra v. Mineo*, 595 F.3d 699, 705-06 (7th Cir. 2010) (noting the general rule prohibiting a next friend from appearing *pro se* but acknowledging an exception to this rule that allows a *pro se* parent to sue by next friend on behalf of a minor child). Mr. Railey has not retained counsel and therefore may not sue on behalf of Mr. Veronica as a next friend. Indeed, his request to sue by next friend on behalf of Mr. Veronica is perhaps more properly understood as a request to engage in the unlicensed practice of law, which the Court will not allow. Accordingly, the motion to sue as a next friend agent is **DENIED**.

### D. Motion for an Extension of Time to File a Rule 59(e) Motion

Mr. Veronica has moved for an extension of time to file a Rule 59(e) motion. However, district courts cannot extend the 28-day deadline to file a Rule 59(e) motion. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules . . . 59(b), (d), and (e)." Accordingly, the motion for an extension of time is **DENIED**.

### E. Motion for Relief from Judgment under Rule 60(b)

Mr. Veronica has filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). He seeks to have the judgment set aside so he can amend his complaint to substitute *Bivens* claims for negligence claims under the Federal Tort Claims Act. Dkt. 63, p. 1. He appears to argue that it was either a mistake or excusable neglect for him to file Eighth Amendment claims rather than negligence claims. *Id.*

Courts grant relief under Rule 60(b) only in exceptional circumstances. *See Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 860 (7th Cir. 2016). The disposition of a Rule 60(b) motion is within the district court's discretion and is reviewed only for an abuse of discretion. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Rule 60(b) provides that the district court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud, misrepresentation, or misconduct by an opposing party; voidness of the judgment; satisfaction of the judgment; or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

The Court is unpersuaded by Mr. Veronica's request for relief from judgment. Mr. Veronica could have sought leave to amend his complaint before his *Bivens* claims were dismissed; but instead, he waited until those claims failed before seeking a second bite at the apple. Rule 60(b) is not a way to pursue new claims or legal theories when a party's original strategy has proved unsuccessful. *Cf. Nelson v. Napolitano*, 657 F.3d 586, 591 (7th Cir. 2011) ("Rule 60(b) is not intended to correct mere legal blunders."); *McCormick v. City of Chi.*, 230 F.3d 319, 327

(7th Cir. 2000) ("neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)").

Mr. Veronica has not shown that this is an exceptional case where the interest in maintaining the finality of the judgment is outweighed by interests relating to fair and just outcomes. *See Kennedy v. Schneider Electric*, 893 F.3d 414, 419 (7th Cir. 2018) (noting that Rule 60(b) attempts to balance the court system's interest in achieving justice with the equally important principle that trial court proceedings must come to an end at some point). Accordingly, the motion for relief from judgment is **DENIED**.

### F. Motion for Leave to Amend the Complaint

Mr. Veronica has filed a motion seeking leave to amend the complaint to add negligence claims against the defendants. *See* dkt. 64. After the entry of final judgment, the plaintiff may only amend the complaint with leave of the Court after a motion under Rule 59(e) or Rule 60(b) has been granted. *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010). Mr. Veronica's motion for relief from judgment under Rule 60(b) has been denied. Accordingly, his motion for leave to amend the complaint is also **DENIED**.

## IV. CONCLUSION

For the reasons explained above, the motions at dkts. [51], [53], [56], [63], and [64], are **DENIED**. The motion for copies at dkt. [52] is **GRANTED**.

The **clerk is directed** to include copies of the following documents with Mr. Veronica's copy of this Order: the public docket sheet; the complaint, dkt. [1]; the motion to proceed *in forma pauperis*, dkt. [2]; and the order denying the motion to proceed *in forma pauperis*, dkt. [5].

**IT IS SO ORDERED**.

Date: 12/29/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SOLORIO VERONICA
16016-112
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Alex Maurice Beeman
REMINGER CO. LPA (Indianapolis)
abeeman@reminger.com

Gina M. Shields
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
Gina.Shields@usdoj.gov